[Civ. No. 1906. First Appellate District.—February 1, 1917.]

E. N. SMITH, Respondent, v. SAMUEL SEMON, Appellant.

CONTRACT—CONDITIONAL SALE OF AUTOMOBILE—ASSIGNMENT—NOTICE TO PURCHASER.—Where a contract for the conditional sale of an automobile has attached to it a printed form of notice to the effect that the seller had upon the date thereof sold, assigned, and transferred the contract, together with his right, title, and interest in the automobile covered thereby, and that the seller's sole connection with the contract thereafter would be that of an agent of the assignee for the sole purpose of collecting the payments to become due on the contract, and that all other dealings in relation to the contract must be had with the assignee, such notice, although the name of the assignee was left blank, while insufficient to constitute in itself a notice of the assignment of the contract to any particular person, constituted some sort of notification to the purchaser of an existing purpose and intent on the part of the seller to make a present transfer of the contract, sufficient to put the purchaser upon notice that any subsequent settlement with the seller would be at the peril of the purchaser.

ID.—CONDITIONAL SALE—OWNERSHIP.—In the case of a contract for a future and conditional sale, the ownership of the thing to be sold and transferred in futuro need not be in the person making the agreement of sale at the time of such agreement.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Harry Gottesfeld, and Edward Lande, for Appellant.

Byrne & Lamson, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action brought to recover the balance claimed to be due upon a contract for the purchase of an automobile from the assignor of the plaintiff.

The chief and only meritorious defense urged by the defendant in his pleadings and upon the trial of the cause consisted in his averments and proffered proofs, that he had made a certain settlement with the seller of the automobile and assignor of plaintiff, by the terms of which his contract had been canceled and his obligation to make further payments thereon terminated, in good faith and without notice of the prior transfer of the contract to the plaintiff.

Upon this particular issue the evidence before the trial court showed the following state of facts: On March 10, 1915, the defendant made and entered into a contract for a conditional sale to him of an automobile by one D. J. Alberger, doing business under the name and style of D. J. Alberger Auto Sales Company, by the terms of which contract the said Alberger agreed to sell said automobile to the defendant for the sum of $775, of which the sum of two hundred dollars was to be paid on the date of said contract, and of which the balance was to be paid in stipulated monthly installments, the title of the machine to remain in the seller until these payments had been fully made. Attached to said contract was a printed form of notice, to the effect that D. J. Alberger had upon the date thereof sold, assigned, and transferred said contract together with his right, title, and interest in the automobile covered thereby; and that his sole connection with said contract thereafter would be that of an agent of the assignee thereof for the sole purpose of collecting the payments to become due thereon; and that all other dealings in relation to said contract must be had with the assignee thereof. The spaces in said form of notice which should contain the name

32 Cal. App.—41

of the assignee of the contract were blank at the time of the execution of said contract and notice, and at the time of the written acknowledgment of the receipt of a copy of such notice by the defendant, and which was signed by him at the same time that the contract itself was executed, viz., on the tenth day of March, 1915. The evidence further showed that the plaintiff became the purchaser and assignee of said contract on or about April 7, 1915, and that the blanks in said notice had been filled in with his name, as assignee of said contract, when the same was delivered to him. There was no evidence before the court that the transfer of said contract had not been made in good faith and for value. The plaintiff did not give to the defendant any other formal notice of the transfer of the contract to him, but there was some evidence before the court to the effect that upon one occasion after the date of the transfer of the contract to the plaintiff, the defendant, coming to the place of business of Alberger, had there met and been introduced to the plaintiff by said Alberger in these words, as testified to by the plaintiff: "Mr. Semon, this is Mr. Smith. You know who he is. You hold some of his papers." Testifying as to this meeting the plaintiff continued: "There was no special conversation except that I wished him success in the dealings we had together." The defendant admits a casual meeting with the plaintiff at the time and place stated, but denies that there was any such conversation. Several weeks later the automobile was very seriously damaged in a collision, and was by the defendant taken or sent to the place of Alberger for repairs; whereupon Alberger and the defendant entered into an agreement by the terms of which the defendant was to pay to Alberger the sum of two hundred dollars, and relinquish the automobile, in full acquittance of the contract and of his obligations thereunder. This was done; and the defendant apparently supposed that the contract and his obligations thereunder were at an end. A few weeks thereafter the plaintiff appeared at the defendant's place of business with the contract and demanded the balance of the payments due thereon, which the defendant refusing to make, he instituted this action to recover. From the judgment in his favor the defendant appeals.

The verdict of the jury upon the trial of the cause was against the defendant's contention, based upon the foregoing state of the evidence, that his settlement with Alberger had

been made without due notice of the prior assignment of the contract to the plaintiff; and in that regard the contention of the appellant herein is that the verdict is unsupported by the evidence in the case. It is true, as the appellant contends, that the written notice of the assignment of the contract in question was in blank, in so far as the insertion of the name of any assignee thereof was concerned, at the time of the defendant's admission of the receipt of a copy thereof made on the day of the execution of the contract itself, and that the same did not therefore convey to him sufficient notice of the transfer of his contract to any particular assignee. It is also true, as the undisputed evidence in the case discloses, that the contract was not in fact assigned and transferred to the plaintiff until nearly a month after the date of the execution thereof and of said notice. It would seem to follow that this notice in the condition in which it was at the time the defendant acknowledged the receipt of a copy of it, and in the absence of any actual assignment of said contract could not of itself suffice to satisfy the requirements of section 368 of the Code of Civil Procedure, with respect to notice of the assignment of choses in action. But while this much may be conceded, it must also be noted that this notice, while thus insufficient to constitute in itself a notice of assignment of the contract to any particular person, was some sort of notification to the defendant of an existing purpose and intent on the part of the other party to the contract to make a present or prospective transfer thereof; and in this very connection the defendant himself testifies that at the time he wrote his acknowledgment of the receipt of a copy of such notice Alberger informed him that he intended making a present transfer of the contract. It is also to be noted that said notice contained matter which rendered it much more than a notice of assignment, for by its terms the defendant was expressly informed that the only authority retained by the seller of the automobile was to receive the deferred payments thereon, and that all other dealings in respect of the same must be had with the transferee of said contract, whoever he might be. These facts are to be taken in connection with another piece of evidence in the case, viz., that the above-quoted testimony of the plaintiff with respect to his introduction to the defendant in the place of business of Alberger and to the terms of that introduction. The

statement there made by Alberger to Smith in the presence and hearing of Semon that "You have some of his papers," and the statement of Smith to Semon that "I wished him success in the dealings we had together," while in themselves but slight and, we think, insufficient proof of notice to the defendant of the assignment of his contract to the plaintiff, was still some evidence thereof; and if this evidence was believed by the jury to be true, and if it was considered by them in connection with the terms and scope of the written notice, of which the defendant had acknowledged receiving a copy, to be sufficient to put the defendant upon inquiry as to the state and whereabouts of his contract at the time he. undertook to make his settlement with Alberger, we are unable to say that these facts and proofs, when thus considered by the jury, were not sufficient to put the defendant upon such notice that any subsequent settlement with Alberger would be made at his peril, and would thus be the equivalent in legal contemplation of actual notice of the plaintiff's intervening rights in the premises; and hence we cannot hold upon this appeal that the verdict of the jury was not supported by the evidence.

The appellant herein makes the further contention that the trial court committed an error in striking out of his answer his first pleaded defense, the substance of which was that the assignor of the plaintiff was not the owner of the automobile at the time of the sale thereof by him to the defendant; but this action of the court, even if error in the then state of the case, would be error unattended with injury to the defendant, for the reason that the contract when introduced in evidence proved not to amount to a present sale of the automobile but only to be a contract for a future and conditional sale thereof. In the case of such contracts, it is well settled that the ownership of the thing to be sold and transferred *in futuro* need not be in the person making the agreement of sale at the time of such agreement.

The appellant also urges that the court erred in refusing to give certain instructions requested by him, and in giving certain instructions at the plaintiff's request. These instructions related to the matters of law and fact above under discussion, and undertook to set forth in the form of instructions the respective views of the parties as to the law of the case; and, as we have seen, defendant's theory of the case has not

been adopted, and hence his offered instructions were not improperly refused.

We find no error in the record.   Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1917.